UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.

PAMELA SUE BLIZZARD,
              *Defendant-Appellant.*

No. 03-4586

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, District Judge.
(CR-98-121)

Submitted: April 9, 2004

Decided: May 5, 2004

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Shawn D. Bayliss, BAYLISS LAW OFFICES, Hurricane, West Virginia, for Appellant. Kasey Warner, United States Attorney, Michael H. Spencer, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Pamela Sue Blizzard appeals her eighteen-month sentence imposed after the district court revoked her supervised release. Blizzard asserts that the district court did not provide adequate notice of its intent to sentence her above the recommended guideline range and that it should have compelled disclosure of evidence from a federal investigation of the halfway house where she was staying. We affirm.

Blizzard contends the district court was required to give her notice of its intention to depart from the recommended guideline range contained in *U.S. Sentencing Guidelines Manual* § 7B1.4 (2002) and the grounds upon which such departure was based. We conclude, however, that no such notice is required because "Chapter 7's policy statements are now and have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995).

Blizzard's second argument is that under *Brady v. Maryland*, 373 U.S. 83 (1963), the Government was obliged to provide her with information concerning an investigation into criminal conduct at the halfway house in which she lived. Brady requires the prosecutor to disclose material, favorable evidence to the defendant. According to Blizzard, information about the criminal investigation was material and favorable to her because it would have discredited the employees at the halfway house. However, because Blizzard admitted she used cocaine while residing at the halfway house, no employees of the halfway house testified against her. Accordingly, the information regarding the criminal investigation was neither material nor favorable to Blizzard, and we conclude there was no Brady error.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*